IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANGUARD PRODUCTS GROUP, INC. and TELEFONIX, INC., both Illinois corporations, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 05 C 1323 |
| v. ) ) | Judge Elaine F. Bucklo |
| DIAM USA, INC., a New York corporation, and DIAM INTERNATIONAL, INC., ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendants. ) ) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF
<u>ORDER GRANTING PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT</u>**

Defendants Diam USA, Inc. and Diam International, Inc. (collectively "Diam") hereby seek reconsideration of this Court's September 1, 2005 Order (the "Order") granting leave to plaintiffs Vanguard Products Group, Inc. and Telefonix, Inc. to amend their complaint to add claims against a new and entirely unrelated defendant. Diam opposes plaintiffs' motion to amend, filed on August 26, 2005, but did not have the opportunity to submit a timely response before the Order issued on September 1, 2005. The requested amendment should be denied because it is both futile and would impose undue prejudice on Diam if permitted.

**FACTUAL BACKGROUND**

Plaintiffs' original Complaint asserts that Diam has infringed U.S. Patent No. 6,799,994 (the "'994 Patent"), entitled "Cord Management Apparatus and Method," by making and selling a cord management system used in retail displays. *See* Complaint, ¶¶9, 15. Plaintiffs' proposed Amended Complaint adds only the allegation that another entirely unrelated competitor in the industry, named Protex International Corp. ("Protex"), also infringes the '994 Patent by selling

an anti-shoplifting cord management system called PowerPro. *See* Amended Complaint, ¶¶18-19. Plaintiffs do not (and in fact could not) allege that there is any corporate, business or other relationship between Diam and Protex. *See id.*

Plaintiffs filed their motion for leave to amend their Complaint on August 26, 2005 and noticed it for presentment on September 2, 2005. The Court granted their motion six days later, on September 1, 2005, before the date for which the motion was noticed and without allowing Diam to be heard.

## ARGUMENT

### I. The Court Should Reconsider Its Grant Of The Plaintiffs' Motion For Leave To Amend Their Complaint Because Diam Did Not Have An Opportunity To Oppose It.

Plaintiffs' motion to amend their complaint to add a new defendant, Protex, was granted on September 1, 2005, without giving Diam an opportunity to respond and oppose the motion. In these circumstances, the court should reconsider its order because Diam has valid grounds on which the court should have denied the motion to amend.

Courts within the Northern District of Illinois recognize a "common law motion for reconsideration." *Neal v. Honeywell, Inc.*, No. 93-c-1143, 1996 WL 627616, at *2 (N.D. Ill. Oct. 25, 1996). While motions for reconsideration are typically granted only to "correct manifest errors of law or fact or to present newly discovered evidence," that standard presupposes that both parties have had an initial opportunity to present their legal and factual arguments to the court. *See id.* at *4 (analyzing whether the issue raised in a motion for reconsideration is one that the moving party "could have (and should have) raised initially"); *Santos v. Boeing Co.*, No. 02-c-9310, 2004 WL 2515873, at *2 (N.D. Ill. Nov. 5, 2004) (motion for reconsideration cannot be used "to produce new evidence that could have been produced earlier or as a vehicle to rehash" arguments already presented to court) (quotation omitted). Because the court has not yet

- 3 -

considered Diam's grounds for opposition or briefing on the issue, the court should reconsider its order granting plaintiffs leave to amend their complaint to add a new defendant to the case. *See Zuccaro v. Ford Motor Co., Inc.*, No. 03-c-2152, 2003 WL 22668834, at *4 (N.D. Ill. Nov. 10, 2003) (granting reconsideration of plaintiff's motion for leave to amend complaint, and vacating grant of leave to amend). As described in more detail below, the relief requested by plaintiffs would unduly prejudice Diam and is impermissible under the rules governing the joinder of defendants in patent infringement cases. Accordingly, plaintiffs' motion for leave to amend should be denied.

## II.    Plaintiffs Should Not Be Granted Leave To Amend To Add A New, Unrelated Defendant In This Patent Infringement Case.

Plaintiffs seek to amend their complaint to add claims against a new defendant, Protex, even though Protex is entirely unrelated to Diam. Plaintiffs' motion should be denied because the requested amendment would result in impermissible joinder under Fed. R. Civ. P. 20(a) and because it would unfairly prejudice Diam.

Plaintiffs bear the burden to demonstrate that leave to amend should be granted under Fed. R. Civ. P. 15(a). Leave to amend should be denied where, as here, the amendment would result in undue prejudice to Diam, or the requested amendment would be "futile" because it would be subject to a motion to dismiss. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs bear the burden of demonstrating that the amendment will not result in prejudice to Diam. *See King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994) (burden is on party moving to amend).[1] In addition, because plaintiffs' requested amendment seeks leave to add a defendant,

---

[1] In resolving the propriety of plaintiffs' motion to amend, this court should look to the law of the Seventh Circuit, as opposed to the law of the Federal Circuit, because the issues relevant to the amendment of complaints and the joinder of parties are not unique to patent law. *See Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004) (applying law of regional circuit to issue of proper joinder of party).

plaintiffs must also satisfy the standards applicable under Fed. R. Civ. P. 21 and 20(a). *See Chavez v. Illinois State Police*, 251 F.3d 612, 632 n.4 (7th Cir. 2001). In particular, plaintiffs must show, based on the allegations of the complaint, that their asserted rights against the parties they seek to join (1) arise "out of the same transaction, occurrence, or series of transactions or occurrences" *and* (2) share in common a question of law or fact. Fed. R. Civ. P. 20(a); *Curwick v. Ford Motor Co.*, No. 98-c-3755, 1998 WL 887067, at * 2 (N.D. Ill. Dec. 11, 1998) (applying Rule 20(a) standards to motion to add new parties under Rule 21). "For joinder to be proper, both requirements must be met." *Androphy v. Smith & Nephew, Inc*., 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (Bucklo, J.) (quoting *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 34 (N.D. Ill. 1980)). Plaintiffs have not and cannot make the required showings.

### A. Plaintiffs' Requested Amendment is Futile Because It Would Result In Impermissible Joinder Under Fed. R. Civ. P. 20.

Plaintiffs seek to amend their complaint to add claims against an unrelated defendant, Protex. This amendment should be denied as futile because plaintiffs' distinct claims against Diam and Protex cannot be properly joined under Fed. R. Civ. P. 20(a).

It is well-established that patent infringement claims against unrelated defendants should not be brought in the same action, even when the defendants are alleged to infringe the same patent. *See Androphy*, 31 F. Supp. 2d at 623 (Bucklo, J.); *Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F. Supp. 970, 974 (N.D. Ill. 1973); *see also Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 564 F. Supp. 1358, 1371 (D. Del. 1983). Courts agree that claims that distinct defendants infringe the same patent do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). For example, in *Androphy*, the court granted defendants' motion to sever patent infringement claims brought

- 5 -

against multiple groups of corporate defendants who were alleged to have infringed the same patent. The court ruled that the defendants "are separate companies that independently design, manufacture and sell different products in competition with each other. Clearly, the common transaction requirement has not been met . . . ." *Id.* at 623. The *Androphy* court's ruling is equally applicable here. Diam and Protex are competitors who are alleged to make and sell different cord management products that infringe the '994 Patent. *See* Amended Complaint, ¶¶16, 19. There is no allegation, and no basis in the proposed Amended Complaint on which this court could conclude, that the plaintiffs' claims against Diam and Protex result from the same set of facts and hence the same "transaction or occurrence." *See Siemens*, 370 F. Supp. at 974 ("There is no allegation here that the acts of infringement arise out of the same transactions or occurrences or series thereof. The claims of infringement against unrelated defendants involving different acts should be tried against each defendant separately."). As set forth in *Pergo*, "the fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit." 262 F. Supp. 2d at 128 (granting motion to sever claims against unrelated defendants).

Plaintiffs cannot satisfy the standards of Fed. R. Civ. P. 20(a) for joining their claims against Diam or Protex in the same suit, and thus plaintiffs' proposed amendment is "futile" and should be denied.

### B. Diam Would Suffer Undue Prejudice From Being Forced to Defend A Case Involving Unrelated Facts and Parties

In addition to its futility, plaintiffs' amendment should not be permitted because it would place an undue burden on Diam. Were plaintiffs' amendment allowed, Diam would be prejudiced in a number of respects. First, Diam would be forced to bear litigation expenses

- 5 -

- 6 -

associated with discovery on plaintiffs' infringement claims against completely unrelated products manufactured and sold by Protex. This would presumably include both fact and expert discovery on technical aspects of Protex's products, as well as damages discovery related to their unrelated products. Claim construction and invalidity discovery and briefing would be similarly expanded to include issues unique to Protex. Such an expansion of the scope of discovery -- with issues unrelated to the claims against Diam or to Diam's defenses to those claims – imposes unnecessary expense and inconvenience on Diam. Similarly, Diam would be forced to arrange the case schedule not only around its and plaintiffs' needs, but around the needs of Protex and the results of any discovery disputes involving Protex. Further, it would unfairly prejudice Diam to have issues unrelated to its own infringement tried before the same jury, or to have to engage in unnecessary motion practice both during discovery and at trial to segregate unrelated issues.

Should plaintiffs wish to pursue unrelated patent infringement claims against Protex, they must do so by filing a separate lawsuit rather than by seeking to complicate the issues in the current case. *See Videojet Sys. Int'l, Inc. v. Inkjet, Inc.*, No. 95-C-7016, 1997 WL 124259, at * 7 (N.D. Ill. Mar. 17, 1997) (motion to amend denied because new claim could be brought it a separate action, thereby avoiding prejudice). Thus, because plaintiffs have a alternative way to prosecute their claims against Protex that would avoid any additional burden on Diam, plaintiffs cannot meet their burden of showing that their amendment will not unduly prejudice Diam. *See Smithkline Beecham Corp. v. Pentech Pharm., Inc.*, No. 00-C-2855, 2002 WL 1303137, at * 3 (N.D. Ill. June 13, 2002) (denying motion to amend to add claim that would require substantial additional discovery).

CHICAGO 315828v1 67586-00001

- 7 -

## CONCLUSION

On reconsideration, the court should deny plaintiffs' motion for leave to amend their complaint to add Protex as a new defendant. Plaintiffs' claims against Protex cannot properly be joined in its infringement suit against Diam. Plaintiffs' proposed amendment is thus futile. In addition, Diam would be unfairly prejudiced by the amendment as it would be required to endure additional litigation expenses and other prejudice associated with the unrelated claims against Protex. For these reasons, the court should vacate its order granting plaintiffs' motion for leave to amend, and deny plaintiffs' motion.

Dated: September 12, 2005       Respectfully submitted,

                                                  DIAM USA, INC. and
                                                  DIAM INTERNATIONAL, INC.

                                                  By: /s/ Jodi Rosen Wine
                                                        One of Their Attorneys

Stephen G. Rudisill
Jodi Rosen Wine
Cynthia K. Thompson
Jenkens & Gilchrist
225 West Washington St., Suite 2600
Chicago, IL 60606-3418

*Of Counsel:*
Robert S. Frank, Jr. (admitted *pro hac vice*)
Kathleen Burdette Shields (admitted *pro hac vice*)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110