**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **VANGUARD PRODUCTS GROUP, INC. and TELEFONIX, INC.,** both Illinois corporations, | ) ) ) ) |
| Plaintiff, | ) Case No. 05 C 1323 ) |
| v. | ) Judge Elaine E. Bucklo ) |
| **P.O.P. DISPLAYS LLC**, a Delaware limited liability company, **P.O.P. DISPLAYS USA, LLC**, a Delaware limited liability company, **P.O.P. DISPLAYS, Inc.**, a New York corporation, **DIAM USA, INC.**, a New York corporation, and **DIAM INTERNATIONAL, INC.,** | ) Magistrate Judge Arlander Keys ) ) ) ) ) ) ) |
| Defendants. | ) Jury Trial Demanded ) |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Telefonix, Inc. and Vanguard Products Group, Inc. by and through their attorneys allege that Defendants POP Displays, LLC, POP Displays USA, LLC, P.O.P. Displays, Inc., Diam International, Inc. and Diam USA, Inc. infringe U.S. Patent No. 6,799,994 B2, and in support thereof state as follows:

### The Parties, Jurisdiction and Venue

1. Plaintiff Telefonix, Inc. ("Telefonix") is an Illinois Corporation having its principle place of business at 2340 Ernie Krueger Circle, Waukegan, Illinois. In addition to residing in this District, Telefonix regularly conducts business in this District.

2. Plaintiff Vanguard Products Group, Inc. ("Vanguard") is an Illinois corporation having its principle place of business at 13802 Wright Circle, Tampa, Florida. In addition to being an Illinois corporation, Vanguard regularly conducts business in this District.

3. Defendants POP Displays, LLC and POP Displays, USA, LLC, are limited liability companies organized and existing under the laws of the State of Delaware, with their principal places of business in the State of New York.

4. Defendant POP Displays, LLC is a successor in interest to a New York corporation known as POP Displays, Inc., which also operated under the name "Diam USA." On or about June 13, 2006, P.O.P. Displays Inc. merged into POP Displays, LLC, with POP Displays, LLC surviving the merger. POP Displays, Inc., then became an inactive corporation.

5. Defendant POP Displays, USA, LLC is a successor in interest to defendant Diam USA, Inc. On or about June 13, 2006, defendant Diam USA, Inc. merged with and into Defendant P.O.P. Displays USA, LLC, with P.O.P. Displays USA, LLC being the surviving entity of the merger. Defendant Diam USA, Inc. is presently an inactive entity.

6. Upon information and belief, Defendant Diam International, Inc is a corporation having its principle place of business in New York. Defendants P.O.P. Displays, LLC, POP Displays, USA LLC, Diam International, Inc. and Diam USA, Inc. are collectively referred to herein as "Diam/POP."

7. Upon information and belief, Diam/POP regularly conducts business in this District and sells the infringing product in this District.

8. This Court has jurisdiction under 35 USC §§ 1331, 1332(a) and 1338(a). Venue is proper pursuant to 35 USC §§ 1391(b) and 1400(b).

**Facts Giving Rise To Infringement Of U.S. Patent No. 6,799,994**

9. Paul Burke is the founder and president of Telefonix, the leading technology company in the world with regard to cord reel management systems utilizing electronic cord reels in many low voltage environments. An electronic cord reel is a device that stores a cord assembly,

2

permits a user to withdraw a cord from the housing and allows the cord to automatically retract back into the housing, while electronic signals travel through the cord assembly.

10. With regard to the retail store environment, Mr. Burke began thinking about a unique cord management system that would prevent the theft of electronic products such as digital cameras and camcorders. But the key was to be able to have all of the electronic products on a single unattended display with power running through the products to permit the consumer to view, handle, operate with actual power, and compare the products for potential purchase while, at the same time, preventing the theft of the products.

11. Prior to Mr. Burke's invention there was no such acceptable product available, thus consumers could not operate any product during the purchasing decision process. Eventually Mr. Burke invented and perfected such a cord management system and filed a patent application to protect his new system.

12. On October 5, 2004, U.S. Patent No. 6,799,994 B2 (the '994 Patent) duly and legally issued to Paul C. Burke and was immediately assigned to Telefonix. The '994 Patent is entitled Cord Management Apparatus and Method and is a continuation of patent application number 09/039825 filed on March 16, 1998.

13. Vanguard sells anti-shoplifting equipment to various companies throughout the United States, is the exclusive licensee of the '994 Patent and has the right to sue for patent infringement.

14. The patented power cord reel management system became an immediate commercial success for Vanguard and Telefonix, with the product being requested and installed in the country's largest retail stores.

15. For the first time there was an acceptable cord management system that allows the retailer, unattended by store personnel, to display all of its products to permit potential purchasers to view, handle, and operate with actual power the products for evaluation and comparison, while simultaneously protecting against theft.

16. Diam/POP manufactures and sells display fixtures used in retail stores. Prior to Telefonix's development of its patented power alarm cord management system, Diam/POP did not manufacture cord reels or cord management systems. In fact, for more than four years, Diam/POP purchased tens of thousands of the patented cord management systems from Telefonix and Vanguard.

17. Despite their commercial relationship, and in wanton disregard for Telefonix's patents, Diam/POP began having manufactured and selling cord management systems that infringe the '994 Patent.

18. Diam's infringement has been, and continues to be with, full knowledge of the '994 patent and has been willful.

WHEREFORE, Vanguard and Telefonix request the following relief:

(a) the Court enjoin Diam/POP from making, using, offering to sell or selling a product that infringes the '994 Patent;

(b) Vanguard and Telefonix be compensated for the infringement under 35 USC §284;

(c) the Court award Vanguard and Telefonix increased damages of an amount of up to three time the compensatory damages for Diam/POP's willful infringement under 35 USC §284;

(d) the Court award Vanguard and Telefonix its attorney fees because this is an exceptional case under 35 USC § 285;

(e) the Court award Vanguard and Telefonix its costs under 35 USC §284;

(f) any other relief the Court deems is just and reasonable.

**Jury Demand**

Telefonix, Inc. and Vanguard Products Group, Inc. respectfully demand a trial by jury.

        TELEFONIX, INC. and VANGUARD
        PRODUCTS GROUP, INC.


By:   /s/ Lee F. Grossman
     Lee F. Grossman, Esq.
     Mark M. Grossman, Esq.
     Jeffrey M. Drake, Esq.
     Grossman Law Offices
     29 S. LaSalle Street, Suite 1210
     Chicago, Illinois 60603
     (312) 621-9000

## **CERTIFICATE OF SERVICE**

      I certify that on October 20, 2006, I electronically filed the foregoing AMENDED COMPLAINT FOR PATENT INFRINGEMENT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

> Michael David Gannon
> Charles Cobey Kinne
> Charles C. Valauskas
> (attorneys of record for Diam International and Diam USA)

      /s/ Lee F. Grossman